# EXHIBIT 3

E-FILED
CNMI SUPERIOR COURT
E-filed: Mar 10 2008 10:10PM
Clerk Review: Mar 12, 2008
Filing ID: 18914391
Case Number: 07-0152-CV
Rosie Ada

Colin M. Thompson, Esq.
Thompson Law Office LLC
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776
Bar No.: F0221

John P. Pierce, Esq.
The Pierce Law Group LLC
4641 Montgomery Avenue, Suite 500
Bethesda, MD 20814
Telephone: (301) 657-4433
Facsimile: (301) 657-1433
*Admitted Pro Hac Vice*

*Attorneys for Defendants GET Realty Trust, KCT Irrevocable Trust, Thomas Sorenson Trustee and Thomas Sorenson the Individual*

## IN THE SUPERIOR COURT

## FOR THE

## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED MICRONESIA DEVELOPMENT, INC. and UMDA LAOLAO LLC<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT PFAFF, et al.<br><br>Defendants. | CIVIL ACTION NO. 07-1052<br><br>**EXECUTIVE SUMMARY OF DEFENDANT TOM SORENSON THE TRUSTEE'S MOTIONS TO DISMISS** |

COMES NOW, Defendant Thomas Sorenson the Trustee, by and through his Counsel, and pursuant to the Court's order from the bench hereby provides an Executive Summary of Defendant's arguments for dismissal of the complaint.

I. <u>Sorenson the Individual Must be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6)</u>

Since Plaintiffs name Sorenson separately in capacities as an Individual and as Trustee of GET Realty Trust and KCT Trust, this Court must analyze the sufficiency of the allegations in the First Amended Complaint against him separately in both capacities. The First Amended Complaint fails to contain any allegations upon which relief could be granted against Sorenson the Trustee.

Sorenson the Trustee joined in all of defendant Pfaff's motions for dismissal including his motions for dismissal for failure to state a claim upon which relief can be granted. Such motions form an independent basis to dismiss the complaint against Sorenson the Trustee. First, pursuant to <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. ___, 127 Sup. Ct. 1955, 1964 – 65 (2007), the allegations in the complaint must be more than mere "**labels and conclusions;**" plaintiffs must provide specific grounds for relief as against each defendant. Instead, there are no allegations against Sorenson as Trustee in the first amended complaint that entitle plaintiffs to relief.

The only allegation in the entire first amended complaint that can be deemed an allegation against Sorenson the Trustee is in paragraph 125, where it alleges that on behalf of UMDA Lao Lao LLC owner GET Realty Trust he "illegally attempted to remove UMDA as manager." In other words, the entirety of the wrongful conduct on which the plaintiffs claim entitlement to relief against Sorenson the Trustee is: he cast a vote.

2

However, as the Court examines paragraphs 5.09, 5.02, and 7.09 of UMDA Lao Lao LLC's Second Amended Operating Agreement, attached to the First Amended Complaint, and the Commonwealth's LLC Act Sec. 404(b), it is apparent Sorenson the Trustee acted within his lawful right under the laws of the Commonwealth and the operative agreement of the LLC when he cast a vote on behalf of GET Realty Trust, a member of UMDA Lao Lao LLC owning 35.7% of the LLC, to change managers.

Pursuant to the Commonwealth's LLC Act Sec. 404(b), a non-member manager of an LLC in the Commonwealth (ie, UMDA as manager of Lao Lao LLC) is subject to designation, appointment, election, removal or replacement by a vote of the majority of the LLC's members. Under the Second Amended Operating Agreement of Lao Lao LLC, section 5.02, the manager holds office until removed by the vote of a majority of its members. Under the Second Amended Operating Agreement Sec. 5.09, the manager of the LLC can be removed at any time by a vote of the members holding a majority interest in the LLC. And Section 7.09 of the Agreement provides for actions by members of the LLC to be taken without the need for a meeting as long as written consents and approvals are obtained by and from the members.

Exercising a lawful right does not constitute conduct upon which a claim for relief can be had by the plaintiffs. Since Sorenson the Trustee's conduct was specifically sanctioned by the operative contract and the laws of the Commonwealth, plaintiffs' complaint fails to identify in what manner Sorenson the Trustee did anything unlawful, or more to the point, how they have alleged any claim upon which relief can be granted against Sorenson the Trustee.

Nothing else in complaint identifies a single other element of conduct that can be imputed to Sorenson the Trustee. Moreover, plaintiffs efforts to lump Sorenson the Trustee in as a "Pfaff defendant" or co-conspirator must fail because, among other things, there is no such thing as civil conspiracy in the Commonwealth, <u>IGI General Contractor & Development v. Public School System</u>, No. 94-0647 (N.M.I Super Ct 8-24-94).

II.   <u>Conclusion</u>

Sorenson the Trustee must be dismissed from the first amended complaint for failure to state a claim upon which relief can be granted pursuant to Commonwealth Rule 12(b)(6).

Dated this <u>9th</u> day of March 2008

_____
John P. Pierce
Attorney for Defendant

4

# EXHIBIT 4

E-FILED
CNMI SUPERIOR COURT
E-filed: May 23 2007 2:23PM
Clerk Review: N/A
Filing ID: 14976420
Case Number: 07-0152-CV
N/A

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED MICRONESIA DEVELOPMENT ASSOCIATION, INC. ("UMDA"), and UMDA LAOLAO LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT PFAFF, et al.,<br><br>Defendant. | CIVIL CASE NO. 07-0152<br><br><br><br><br><br><br>TEMPORARY RESTRAINING ORDER |

Plaintiffs, United Micronesia Development Association, Inc. ("UMDA") and UMDA LaoLao LLC ("LLC"), move this Court to implement a temporary restraining order (TRO) to (1) permit Plaintiffs to deposit proceeds from the sale of LLC's interest in Lao Lao Golf Course ("the Fund") into a Court-controlled, renewable short-term certificate of deposit at the Bank of Guam, Bank of Hawaii, or other FDIC insured bank pending resolution of the ownership of said Fund; and (2) temporarily restrain Defendants GET Realty Trust, its alleged trustee Thomas Sorenson, Concorde Trust, its alleged trustee Rothschild Guernsey Limited, Monte Perucho Investiduras LLC, its alleged manager Raymond McCall, Sasquatch II, its alleged owner Bigelow Asset Management, and Paul Dingee from replacing UMDA as manager of LLC or taking any action on behalf of LLC pending resolution of the ownership of LLC. Plaintiffs further seek to set a hearing on their motion for a preliminary injunction within ten days.

1

## I. RELEVANT STANDARDS

### A. Temporary Restraining Order (TRO)

Commonwealth Rule of Civil Procedure 65(b) allows this Court to grant a TRO "without written or oral notice to the adverse party or that party's attorney" only if

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Com. R. Civ. P. 65(b).

Jurisprudence interpreting Rule 65's federal counterpart offers guidelines for granting TROs and preliminary injunctions. In deciding whether temporary injunctive relief should issue, a court considers:

> (1) whether the plaintiff is likely to succeed on the merits of the case; (2) whether the plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) whether the balance of hardships to the respective parties favors the grant of injunctive relief; and (4) whether it is in the public interest to grant injunctive relief.

*PGBA, LLC v. United States*, 389 F.3d 1219, 1228-29 (Fed.Cir.2004). No one factor is dispositive, and "the weakness of the showing of one factor may be overborne by the strength of others." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed.Cir.1993). Typically, a TRO preserves the status quo to give the court time to determine whether a preliminary injunction should issue. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir.1993).

Commonwealth Rule of Civil Procedure 65(c) requires the applicant to give security "in such sum as the court deems proper" for the payment of any costs and damages that may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. Courts have held that the phrase "in such sum as the court deems proper" vests the court with "wide discretion in the matter of security." *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir.1996). Courts have not

2

required bonds in cases where there is no proof of likelihood of harm to defendants. *E.g., id.; Yong Ki Hong v. KBS America, Inc.*, No. 05-CV-1177, 2005 WL 1712236, (E.D.N.Y. Jul. 22, 2005).

### B. Depositing Funds

Commonwealth Rule of Civil Procedure 67 applies to actions in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money. In such action, "a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing." *Id.*

## II. BACKGROUND

As a shareholder and director of UMDA, Defendant Pfaff and other defendants (namely Defendant Ray McCall and Thomas Sorenson) allegedly entered UMDA in tax shelter transactions that became the subject of a federal investigation. The investigation resulted in a federal criminal indictment against Pfaff (along with Defendant John Larson, Defendant David Amir Makov, and others).[1] UMDA's Board was allegedly unaware of any criminal conduct on the part of the defendants.

In 2004, UMDA formed LLC to hold a 49.5% interest in LaoLao Bay Golf Course in Saipan ("the Golf Course"). UMDA was made manager. Defendants GET Realty Trust, Concorde Trust, Monte Perucho Investiduras LLC, Sasquatch II, and Paul Dingee, all of whom are allegedly connected to Pfaff and McCall, became members of LLC.[2] In February 2007, LLC's interests in the Golf Course were sold. According to Bank of Hawaii bank statements filed with Plaintiffs' motion, there are now three accounts in LLC's name: No. 32-082998, No. 32-083102 (entitled subrogated

---

[1] Defendants McCall and Sorenson were not indicted in the criminal action.

[2] Other members are the Yap Cooperative Association, CCH Saipan, LLC, Restated Cheryl Anne Snow Trust, and John Jones.

3

1. principal), and No. 32-083110 (entitled subrogation gain).[3] Collectively referred to as the Fund,
2. these accounts contain more than five millions dollars.
3.     On April 26, 2007, Michael Dotts filed the instant action in the names of UMDA and LLC to
4. determine the owner of the Fund.
5.     Plaintiffs provide evidence that on April 30, 2007, Defendants who are members of LLC
6. attempted to remove UMDA from its manager position and replace UMDA with Defendant Paul
7. Dingee. Plaintiffs argue that this action violated LLC's Operations Agreement, and that it was an
8. attempt to block the instant lawsuit. Plaintiffs provide evidence that Paul Dingee wrote to the Bank
9. of Hawaii asserting the right to control the Fund, on grounds that UMDA was no longer the manager
10. of LLC. UMDA was not copied, but was notified of the letter by the Bank of Hawaii.
11.     On May 15, 2007, Timothy Bellas entered an appearance on behalf of LLC. According to the
12. Declaration of Mr. Bellas and attachments thereto, one Russell Murray also purports to represent
13. LLC and/or some of its members. He has not entered an appearance or agreed to accept service on
14. behalf of any party.

### III. PLAINTIFFS' ARGUMENTS

**A. Notice**

According to his declaration filed with the Court, counsel for LLC appears to have made a diligent effort to contact eleven of the Defendants or their counsel at their known email and/or fax numbers.[4] The transmission reports filed suggest that the fax numbers did not work for six Defendants, while other Defendants appear not to have received the entire motion.

---

[3] The motion states that there are two (as opposed to three) accounts, one consisting of initial investments in the LLC and the second consisting of profits from the sale of the Golf Course.

[4] Plaintiffs do not argue that no notice is required.

4

B. **Merits**

Plaintiffs argue that they are likely to prevail on the merits, on grounds that UMDA has a direct claim on the Fund. The nature of the direct claim is not clear, however.

Plaintiffs state that they are also likely to prevail on their rescission claim, based on evidence uncovered in the federal prosecution of Pfaff. Plaintiffs' rescission claim asserts that certain Defendants have no entitlement to the fund on grounds that these Defendants made material misrepresentations to UMDA.

C. **Harm to Defendants**

Plaintiffs argue that Defendants would not be significantly harmed by the restraining order. There is no pressing need for Defendants to conduct official business or access the Fund, as LLC's only purpose—to own an interest in the Golf Course—no longer exists.

D. **Irreparable Harm to Plaintiffs**

Plaintiffs argue that the attempt to oust UMDA from its manager position is an illegitimate takeover that will irreparably harm LLC. Plaintiffs assert that the attempted removal occurred without a meeting, in violation of section 5.09 of LLC's Operating Agreement. When the Operating Agreement is viewed in its entirety, however, it is not clear that Plaintiffs will prevail on this argument. Section 7.04 provides that "If all of the Members shall meet at any time and place, either within or outside of the CNMI, and consent to the holding of a meeting at such time and place, such meeting shall be valid without call or notice, and at such meeting lawful action may be taken." If UNMA was not a Member, then it need not have been invited to such a meeting.

Further, Section 7.09 provides that "Action required or permitted to be taken at a meeting of Members may be taken without a meeting is the action is evidenced by one or more written consents or approvals describing the action taken and signed by Members holding sufficient Voting Interests." Digee's letter to First Hawaiian Bank (filed as an attachment to a declaration supporting the motion) contains such written consent.

5

Plaintiffs argue that UMDA is the *bona fide* manager of LLC and thereby liable for LLC's actions. As such, Plaintiffs assert that UMDA will also suffer irreparable harm from Defendants' actions. The nature of this harm is not clear.

### IV.   LEGAL CONCLUSIONS

The Court does not believe that Plaintiffs will suffer irreparable harm if UMDA is not immediately restored to its status as manager (if it has lost this status). As Plaintiffs state, LLC has no official business to conduct, other than distributing the Fund. UMDA has not shown a clear likelihood of prevailing on the merits of this claim.[5]

The potential for irreparable harm resulting from a premature distribution of the Fund is more obvious. For purposes of the instant motion, the Court agrees that removal of assets from the accounts containing the Fund prior to a determination of the rightful owners may result in irreparable harm to these owners. Thus, a TRO is justified to maintain the status quo despite the lack of notice to some of the potentially effected Defendant-owners.

In the event that an injunction is granted, the most appropriate form of safekeeping may be to deposit the funds with the Court pursuant to Rule 67. Such a remedy requires notice upon every other party, however. *See* Com. R. Civ. P. 67. Here, it is not clear that every party has received or could receive prior notice of such action.

Until a properly noticed preliminary injunction hearing can be held, the simplest method of ensuring that assets are not improperly withdrawn is to freeze all withdrawals and transfers from account numbers 32-082998, 32-083102, and 32-083110. A freeze is the most effective way to preserve the status quo.

---

[5] Also, under the status quo immediately preceding the instant motion Paul Dingee rather than UMDA was apparently serving as Manager. *See* BLACK'S LAW DICTIONARY 1410 (6th ed. 1990) ("status quo to be preserved by a preliminary injunction is the last actual, peaceable uncontested status which preceded the pending controversy").

6

1. Given the lack of any direct harm to Defendants resulting from the temporary freeze, the
2. Court will not require Plaintiffs to post a bond. Should Defendants later prove any harm, they may
3. be compensated from Plaintiffs' rights in the Fund.
4. In order to ensure timely notice to distant defendants, the hearing on Plaintiffs' motion for a
5. preliminary injunction is set for the latest date allowed by Rule 65 (ten days from the instant order).
6. Here, the tenth day falls on June 2, a Saturday. Accordingly, the hearing is set for June 4, 2007 at
7. 9:00 a.m. in Courtroom 217. While the instant order shall be served on all attorneys of record on file
8. in the Court's Lexis filing system, it is the responsibility of Plaintiffs' counsel to properly service
9. Defendants with the notice of this hearing.
10. 
11. 
12. SO ORDERED this 23rd day of May, 2007.
13. 
14. 
15.                                                 _____
                                                    Juan T. Lizama
16.                                                 Associate Judge, Superior Court
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

7