# EXHIBIT 22

Case 1:08-cv-00028   Document 5-9   Filed 07/02/2008   Page 1 of 13

```
                                                    E-FILED
                                                    CNMI SUPERIOR COURT
 1  Colin M. Thompson, Esq.                         E-filed: May 30 2008 2:55PM
    Thompson Law Office, LLC                        Clerk Review: Jun 3 2008 3:15PM
 2  J.E. Tenorio Building                           Filing ID: 20035041
    Saipan, MP 96950                                Case Number: 07-0152-CV
 3                                                  Elsa Duenas
    Telephone: (670) 233-0777
 4  Facsimile: (670) 233-0076

 5  Attorney for Defendants, GET Realty Trust,
    KCT Irrevocable Trust and Thomas C. Sorenson
 6
```

IN THE SUPERIOR COURT

FOR THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED MICRONESIA DEVELOPMENT ASSOCIATION, INC., and UMDA LAOLAO LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT PFAFF, et. al., <br><br> Defendants. | CIVIL ACTION NO. 07-0152 <br><br> NOTICE OF MOTION AND DEFENDANT TRUSTEE'S MOTION FOR PROTECTIVE ORDER <br><br> Date: _____ <br> Time: _____ <br> Judge: Hon. Robert C. Naraja |

TO: PLAINTIFF UNITED MICRONESIA DEVELOPMENT ASSOCIATION, INC., and UMDA LAOLAO, LLC AND THEIR ATTORNEYS OF RECORD:

## NOTICE

Please be advised that on _____, the Court will hear the Motion for Protective Order filed in the above title action by Defendant Trustee for GET Realty Trust and KCT Irrevocable Trust.

1

## MOTION

The Defendant Trustee for GET Realty Trust and KCT Irrevocable Trust hereby moves the Court for a protective order limiting discovery relating to the business and financial information of the Trusts to the time period pre-dating April 2005. The basis for this motion is set forth in the memorandum of points and authorities filed herewith, together with the all papers previously filed with this Court in this case.

Dated this 30th day of May, 2008.

/s/
COLIN M. THOMPSON
Thompson Law Office, LLC
CNMI Bar No.: F0221

Thompson Law Office, LLC
Colin M. Thompson, Esq.
J.B. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776



E-FILED
CNMI SUPERIOR COURT
E-filed: May 30 2008 2:55PM
Clerk Review: Jun 3 2008 3:15PM
Filing ID: 20035041
Case Number: 07-0152-CV
Elsa Duenas

*Attorneys for Defendant Trustee of GET Realty Trust and KCT Irrevocable Trust*

## IN THE SUPERIOR COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED MICRONESIA DEVELOPMENT, ASSOCIATION, INC. and UMDA LAOLAO LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT PFAFF, et al. <br><br> Defendants. | CIVIL ACTION NO. 07-0152 <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** <br><br> Date: <br> Time: <br> Judge: Hon. Robert J. Najara |

COMES NOW, Defendant Trustee of GET Realty Trust and KCT Irrevocable Trust, by and through counsel, and respectfully moves this Court for pursuant to Com.R.Civ.P. 26(c) for a protective order limiting discovery relating to the business and financial information of the Trusts to the time period pre-dating April 2005.

### I. INTRODUCTION

This Motion is brought pursuant to Com.R.Civ.P. 26(c) on the following grounds: The plaintiffs have demonstrated an interest in taking discovery of confidential facts concerning the private affairs and finances of GET Realty Trust and KCT Irrevocable Trust (the "Trusts") that arise <u>after</u> March 2005; this

information is confidential and any reasonable person would have an interest in maintaining its privacy; the information is neither relevant to the subject matter at issue nor reasonably calculated to lead to the discovery of admissible evidence. This motion is based on this Notice of Motion and Motion, the Memorandum filed herewith, the declaration of John P. Pierce, evidence judicially noticed and upon such other matters as may be presented to the Court at the time of hearing. Plaintiff respectfully requests a Protective Order limiting the scope of discovery concerning the Trusts to the time period predating April 2005.

## II. LAW AND ARGUMENT

### A. The Plaintiffs' Requests for Discovery

The Plaintiffs have demonstrated an interest in discovering facts concerning the confidential affairs and finances of the Trusts that post-date the events at issue. For example, the Plaintiffs have asked the former trustee of the Trusts questions about the Trusts' finances and investments without regard to the relevant time period. (*See* Declaration of John P. Pierce ("Pierce Decl.") Ex. 1 at 55:11-56:4); Pierce Decl. Ex. 2 at 73:14-19; 88:14-19). In giving answers, counsel for trustee to the Trusts advised the former trustee not to provide information with respect to the time period falling after March 2005. *Id.* The records reflect that any financial transactions between the plaintiff UMDA and the Trusts ceased after March 2005 when the plaintiff, UMDA, made a special distribution to shareholders, including a distribution to KCT. (Pierce Decl. ¶ 4). Otherwise, the only financial transactions between the Trusts and UMDA occurred in December 2004 when KCT and GET sent money to UMDA in response to a solicitation to do so by the UMDA Board of Directors, and in September 2002 when KCT paid for 35,000 shares of UMDA stock issued to it. *Id.* The Plaintiffs have not provided any information or made any allegation regarding any fact connecting the Trusts and the Plaintiffs occurring after March 2005 that would entitle them to discovery of the confidential affairs and finances of the Trusts thereafter.

2

### B. The Plaintiffs' Causes of Action

There are no facts or wrongdoing occurring after March 2005 (or at all) that the Plaintiffs allege as a basis for liability on the part of the Trusts. The Plaintiffs have sued the Trusts pursuant to 11 causes of action (Counts I, II, III, IV, VI, VII, XI, XII, XIII, X, and XX). Some of the counts do not pertain to any action alleged to have been undertaken by the trustee of the Trusts, or even to persons, like the trustee, who aren't engaged in consumer transactions (e.g. Count XIX – Violation of Consumer Protection Act). Some counts do not exist within the jurisprudence of the Commonwealth (e.g. Count XX – Punitive Damages). Without arguing the legitimacy of any allegation or cause of action, however, there are no allegations of wrongdoing, events, and facts in the pleadings that would entitle Plaintiffs to discovery of the Trusts' confidential financial affairs, at least beyond March 2005. There is no allegation that events involving the trustee or the Trusts occurring after March 2005 are relevant for any reason to the financial affairs of the Trusts. The issues framed by the pleadings, even in their current obscure state, do not implicate facts or events pertinent to the Trusts' finances arising after March 2005.

### C. The Applicable Rule of Law

Discovery is limited to those matters which are "relevant to the subject matter involved in the pending action" or which are "reasonably calculated to lead to the discovery of admissible evidence." Com. R. Civ. P. 26(b)(1). Even though the standard of relevancy for discovery purposes is liberal, parties are not permitted to explore matters that do not presently appear germane on the theory that they might become so. *Smith v. Dowson, et al.*, 158 F.R.D. 138, 141 (D. Minn. 1994); *Peskoff v. Faber*, 230 F.R.D. 25, 28 (D.D.C. 2005).[1] Commonwealth Rule of Civil Procedure 26(c) permits the court, for good cause shown, to enter an order protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of discovery

---

[1] In *Smith* and *Peskoff*, the courts were interpreting Fed. R. Civ. P. 26, which is the same as Com. R. Civ. P. 26.

be limited to certain matters." A showing of the irrelevance of proposed discovery satisfies the "good cause" requirement of Rule 26(c). *Smith*, 158 F.R.D. at 141.

For example, in *Smith*, the court entered a protective order precluding the plaintiffs from taking discovery concerning facts that post-dated the relevant events and time period implicated by the complaint. *Id.* There, the plaintiff sued defendant police officers for wrongful arrest. The defendants had arrested the plaintiff for involvement in a robbery and, shortly thereafter, concluded he was not involved in the crime and released him. *Id.* at 140. After the plaintiff's arrest and release, the officers undertook further investigation of the crime. During litigation, the plaintiff demanded discovery concerning the facts of the subsequent investigation. The officers moved for a protective order to preclude it on grounds that the facts were irrelevant and not designed to lead to the discovery of relevant evidence. *Id.* Noting that the complaint was based on the officers' conduct and knowledge at the time of the plaintiff's arrest, the court held that information gathered during the subsequent investigation was irrelevant. *Id.* at 141-142. Accordingly, the court entered an order precluding the plaintiff from taking discovery concerning the subsequent investigation. *Id.*

Even where the proposed discovery may be relevant, courts must balance the interest in broad discovery against the burden on the producing party. *Rivera v. NIBCO, Inc.*, 204 F.R.D. 647, 649 (E.D. Cal. 2001)(citing Schwarzer, Tashma & Wagstaffe, *Fed. Civ. Proc. Before Trial* ¶ 11:84 (2001)) *aff'd* 364 F.3d 1057 (9th Cir. 2004). In doing so, courts consider whether the information is sought for a legitimate purpose and whether the disclosure will violate any privacy interest. *Id.* Fishing for previously unknown wrongs is not a legitimate purpose for discovery. *Peskoff*, 230 F.R.D. at 28.

*Peskoff* was an action for fraud, conversion, and unjust enrichment that arose in connection with the defendant's operation of a venture capital fund. *Id.* The plaintiff subpoenaed the personal bank records of the defendant fund manager. *Id.* The defendant filed a motion for protective order to prevent execution of the subpoena on the ground that his personal financial records were irrelevant to the plaintiff's claim. *Id.* The court found that the plaintiff failed to describe any specific activity connecting

4

the operation of the fund to the defendant's personal finances. *Id.* Rather, the plaintiff was fishing to find information in the personal accounts to support his claim. *Id.* at 28-30. Reasoning that the plaintiff's non-specific desire to find the fund's money was insufficient to outweigh the defendant's privacy interest in his personal financial information, the court entered a protective order precluding discovery of the defendant's personal accounts. *Id.* at 30.

### D. Protective Order Should Issue to Limit to Limit the Scope of Discovery

The Trusts are arrangements between family members who are private citizens. The settler and the beneficiaries are entitled to maintain the privacy of their finances and affairs if the information is not relevant to the subject matter at issue. The Plaintiffs are not entitled to examine the private information and affairs of defendants for pleasure. If there is no reasonable basis for discovering the information, the Plaintiffs should be limited from discovering it. The causes of action and issues raised by the pleadings, even if they are all given credit, do not implicate any confidential financial information occurring after March 2005, if at all.

### CONCLUSION

For the foregoing reasons, Defendant Trustee of the GET Realty Trust and KCT Irrevocable Trust respectfully requests that this Court enter an Order limiting discovery relating to the business and financial information of the Trusts to the time period pre-dating April 2005.

Dated this 30th day of May, 2008.

/s/
COLIN M. THOMPSON- F0221
Thompson Law Office, LLC

# EXHIBIT 23

Case 1:08-cv-00028  Document 5-9  Filed 07/02/2008  Page 9 of 13

MICHAEL W. DOTTS, ESQ., F0150
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683
*Attorneys For Plaintiff United Micronesia Development Association, Inc.*

TIMOTHY H. BELLAS, ESQ., F0135
Law Offices of Timothy H. Bellas
P.O. Box 502845 C.K.
Saipan, MP 96950
Tel: 670-323-2115
Fax: 670-323-2116
*Attorneys For Plaintiff UMDA LaoLao LLC*

E-FILED
CNMI SUPERIOR COURT
E-filed: Jul 25 2007 9:06PM
Clerk Review: Jul 26, 2007
Filing ID: 15700688
Case Number: 07-0152-CV
Bernie A. Sablan

## IN THE SUPERIOR COURT
## OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED MICRONESIA DEVELOPMENT ASSOCIATION, INC., and UMDA LAOLAO LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT PFAFF, RAYMOND D. McCALL, JOHN LARSON, G.E.T. REALTY TRUST, THOMAS C. SORENSON individually and in his capacity as Trustee for G.E.T. Realty Trust, CONCORDE TRUST, ROTHSCHILD TRUST GUERNSEY LIMITED as Trustee of the Concorde Trust, ROTHSCHILD TRUST GUERNSEY LIMITED ACCOUNT 2299, DAVINA LIMITED, PIROUETTE LLC PROFIT SHARING PLAN, MONTE PERUCHO INVESTIDURAS LLC, DAVID AMIR MAKOV, MORLEY INC., MORLEY INC. EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST, POINT DU HOC | CIVIL CASE NO. 07-0152 <br><br> DECLARATION OF GOVERNOR BENIGNO R. FITIAL |

IRREVOCABLE TRUST AND ITS         )
TRUSTEE, WS INVESTMENT TRUST,     )
NORSKANVEST LLC, PIGAVEST A.G.,   )
IRIZARRY, McCALL & SQUARELL,      )
P.C., IRIZARRY & McCALL P.C.      )
PROFIT SHARING PLAN, GLOBAL       )
LEADER CONSULTING INC.,           )
PROFIT SHARING OF GLOBAL          )
LEADER CONSULTING, INC.,          )
KEYSDALE VENTURES LLLP,           )
FIRST COURT LTD. RE ACCOUNT       )
#2305, DELOITTE & TOUCHE LLC,     )
DELOITTE & TOUCHE LLP,            )
MICHAEL S. JOHNSON, JOSEPH        )
ARNETT, SASQUATCH II, BIGELOW     )
ASSET MANAGEMENT LLC, PAUL        )
DINGEE, DOES 1-50, and ROES 1-50  )
                                  )
              Defendants.         )
                                  )

I, Benigno R. Fitial, hereby declare and state as follows:

1. I am the Governor of the Commonwealth of the Northern Mariana Islands. I make this declaration on personal knowledge, and if called as a witness I could and would testify as follows.

2. I am aware of the pending motion for a preliminary injunction filed by the Plaintiffs United Micronesia Development Association, Inc. ("UMDA") and UMDA LaoLao LLC ("LaoLao LLC") in this case.

3. The Commonwealth is a significant shareholder in UMDA.

4. I am aware that federal criminal proceedings are currently pending against Robert Pfaff (a former UMDA director) and others in New York State.

5. These criminal charges, if proven to be true, indicate that Pfaff and his associates came to the Commonwealth and misused their position of trust within UMDA for their personal benefit in a way which has dragged UMDA into their multi-million dollar tax fraud scheme.

6. Therefore, the Commonwealth supports the motion that would cause UMDA to remain as the manager of LaoLao LLC while this case is litigated.

7. Conversely, the Commonwealth opposes any interim arrangement where Pfaff and/or his associates, take over LaoLao LLC thereby removing its current manager, UMDA.

8. To have persons who have been accused of a criminal enterprise and who, as part of that enterprise, have demonstrated a capability of diverting funds to numerous non-U.S. jurisdictions, manage LaoLao LLC would be harmful not only to UMDA LaoLao LLC, but also to the Commonwealth.

9. In March 2007, KUMHO Holdings, which is part of the KUMHO Group along with Asiana Airlines, acquired Saipan Lao Lao Bay Golf Resort from UMDA and UMDA LaoLao LLC.

10. This investment can result in significant additional flights coming to the CNMI and boosting the tourism industry.

11. If UMDA is removed as manager and replaced with persons who have been selected by indicted persons, it could disrupt the development of the relationship between the Commonwealth and KUMHO Group, including Asiana Airlines.

12. In particular, pursuant to the sales agreement between UMDA, UMDA LaoLao LLC, and KUMHO Holdings for the LaoLao Golf Course, there is approximately

$800,000 in an escrow account, to guarantee a number of representations and warranties between the parties.

13. Given these pending obligations to KUMHO Holdings, taking control of UMDA LaoLao LLC from UMDA and transferring it to the associates of indicted persons would send the wrong signal to the first substantial investor for the CNMI in many years.

14. For all of these reasons, there is a strong public interest top be protected by the administration respectfully supporting the motion to retain UMDA as the manager of UMDA LaoLao LLC, pending the final judgment in this case.

15. I declare that the forgoing is true and correct under penalty of perjury under the laws of the Commonwealth of the Northern Mariana Islands, and that this declaration was executed on this 4th day of June, 2007 in Saipan, CNMI.

*[signature]*
BENIGNO R. FITIAL, Declarant