**THOMPSON LAW OFFICE, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 P.O. Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233 0776

*Attorney for Laramie Fealty, LLC,*
*Trustee of GET Realty Trust*

FILED
Clerk
District Court

JUL 31 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT

# DISTRICT OF THE NORTHERN MARIANAS ISLANDS

| | |
|---|---|
| LARAMIE FEALTY, LLC, Trustee of GET REALTY TRUST,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MICRONESIA DEVELOPMENT ASSOCIATION, INC. and DOES I-XX,<br><br>Defendants. | CIVIL CASE NO. 08-0028<br><br>**DECLARATION OF COLIN M. THOMPSON IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY**<br><br>Date: August 28, 2008<br>Time:    10:00am<br>Judge: Hon. Alex R. Munson |

I, Colin M. Thompson, do declare that:

    1. I am the attorney of record for Plaintiff Laramie Fealty, LLC, Trustee of GET Realty Trust.

    2. I make this declaration based on my knowledge and I am competent to testify as to matters set forth.

    3. Attached to this declaration as *"Exhibit A"* is a true and correct copy of Notice of Motion and Motion to Dismiss Laramie Fealty LLC's "Counterclaims."

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct to the best of my knowledge and belief.

    Dated this 30th day of July, 2008.

                              **THOMPSON LAW OFFICE LLC**

                    By:      /s/
                           **COLIN M. THOMPSON- F0221**

# Exhibit A

ROBERT J. O'CONNOR, ESQ., F0137
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683
*Attorneys For Plaintiff United Micronesia Development Association, Inc.*

RODNEY J. JACOB, ESQ., F0186
Calvo & Clark, LLP
1st Floor, Macaranas Building
PMB 951 Box 10001
Saipan, MP 96950
Telephone No. (670) 233-2045
Facsimile No. (670) 233-2776
*Attorneys For Plaintiff United Micronesia Development Association, Inc.*

IN THE SUPERIOR COURT
OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED MICRONESIA DEVELOPMENT ASSOCIATION, INC., and UMDA LAOLAO LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT PFAFF, et al.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. 07-0152<br><br>NOTICE OF MOTION AND MOTION TO DISMISS LARAMIE FEALTY LLC'S "COUNTERCLAIMS" |

## NOTICE OF MOTION & MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, please take notice that on _____, 2008 at \_\_\_ a.m./p.m. or as soon thereafter as this matter can be heard, Plaintiff United Micronesia Development Association, Inc. ("UMDA") will and hereby does respectfully move this Court for an order dismissing the purported counterclaims filed against it by Laramie Fealty LLC, as alleged trustee of GET Realty Trust ("GET"). This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, all pleadings and records on file in this matter, and any argument that may be heard hereon.

Respectfully submitted this 19th day of May, 2008.

**O'Connor Berman Dotts & Banes**
**Calvo & Clark, LLP**
Counsel for Plaintiff *United Micronesia Development Association, Inc.*


By:_____/s/_____
    ROBERT J. O'CONNOR (F0137)

## **MEMORANDUM OF POINTS & AUTHORITIES**

**I. INTRODUCTION**

On April 8, 2008, an entity styling itself Laramie Fealty LLC, which had not previously appeared or been named as a party, filed "Counterclaims" against Plaintiff United Micronesia Development Association, Inc. ("UMDA"). Announcing itself to be the trustee of GET Realty Trust ("GET"), Laramie Fealty claimed to be suing on behalf of GET. The body of the "Counterclaims," although not the caption, states that GET too is a counterclaimant.

The "Counterclaims" should be dismissed because neither Laramie Fealty nor GET is a party to this litigation. GET, which formerly was a defendant, was dismissed on its own motion before the "Counterclaims" were filed. *See* April 4, 2008 Order.[1] Laramie Fealty has never been a party, either as trustee for GET or in any other capacity. Indeed, until now every document filed by or on behalf of GET has identified Thomas Sorenson as GET's trustee, without making any mention of Laramie Fealty. If Laramie Fealty wishes to substitute into this case as successor trustee to Mr. Sorenson, there is a standard, *required* procedure for it to do so – file a motion pursuant to Com. R. Civ. P. 25(c), support that motion with evidence that it is indeed the successor trustee, and seek leave from this Court for such substitution or joinder of the new party (which the Court in its discretion may grant or deny). Absent such a motion and leave of Court, there is no ability for a stranger to the litigation to suddenly waltz into the case, announce that it is appearing as trustee for somebody else, and unilaterally start to file pleadings.

If and when Laramie Fealty files an appropriate motion to substitute in, Plaintiffs will ask the Court to consider whether – as appears to be the case – Laramie Fealty is merely another shell company erected by Defendant Robert Pfaff, like those described in the new criminal

---

[1] GET is also pursuing an appeal to CNMI Supreme Court of the preliminary injunction order entered by this Court. That appeal is subject to dismissal for the same reason the "Counterclaims" are – GET is no longer a party.

2

indictment against Pfaff, whose sole purpose is to perpetrate fraud and hide assets. For now, however, the Court need not reach that issue. The Court should simply dismiss the "Counterclaims" because neither Laramie Fealty nor GET is a party.

## II. BACKGROUND

On April 26, 2007, Plaintiffs UMDA and UMDA LaoLao, LLC (collectively, "Plaintiffs") filed this action. Among the named defendants were Robert Pfaff, GET, and Pfaff's brother-in-law, Thomas Sorenson – individually and in his capacity as trustee for GET.

It is undisputed that throughout the course of this litigation, Mr. Sorenson was GET's trustee. All the papers previously filed by or on behalf of GET so indicate. For example, attorney John Pierce submitted a *pro hac vice* application to represent Mr. Sorenson, both in his individual capacity and as the trustee for GET. The CNMI Supreme Court granted that application and stated that Mr. Pierce was "admitted to practice in the Commonwealth pro hac vice for the *sole purpose* of representing G.E.T. Realty Trust, Thomas C. Sorenson as Trustee of G.E.T. Realty Trust, Thomas C. Sorenson in his individual capacity and K.C.T. Irrevocable Trust in *United Micronesia Dev. Ass'n v. Robert Pfaff*, in Superior Court No. 07-0152." (Oct. 30, 2007 Order Admitting Applicant for Pro Hac Vice (emphasis added).)

Only a few months ago, moreover, Mr. Pierce reaffirmed that Mr. Sorenson was GET's trustee. At the February 19, 2008 hearing on several motions to dismiss, including GET's motion to dismiss, Mr. Pierce argued that, "[i]f there's any claim to go forward, it's against Sorenson the trustee." (Transcript of Feb. 19, 2008 hearing at 154; *see also* Aug. 9, 2007 Memorandum of Defendants GET Realty Trust and Thomas C. Sorenson, Trustee for GET Realty Trust, in Support of Their Com. R. Civ. P. 12(b)(6) Motion; Dec. 13, 2007 Notice of Appeal (filed by Colin Thompson as "Attorney for Defendants GET Realty Trust, and Thomas

Sorenson, in his capacity as Trustee of GET Realty Trust"); Feb. 14/15, 2008 Stipulation and Order (filed by Mr. Thompson as "Attorneys for Defendant GET Realty Trust and Thomas C. Sorenson, Trustee for GET Realty").) On March 10, Mr. Pierce filed an Executive Summary again identifying his client as "Thomas Sorenson Trustee" – the opening paragraph announces, "COMES NOW, Defendant Thomas Sorenson the Trustee." (March 10, 2008 "Executive Summary of Tom Sorenson the Trustee's Motions to Dismiss;[2] *see also* March 10, 2008 Executive Summary of KCT Irrevocable Trust's Motions to Dismiss; March 10, 2008 Executive Summary of GET Realty Trust's Motions to Dismiss.)

The Court accepted GET's and Mr. Sorenson's position that any claim should "go forward" against Mr. Sorenson as GET's trustee, rather than against GET itself. Accordingly, by its April 4, 2008 Order, the Court dismissed GET, and dismissed Mr. Sorenson individually, but kept Mr. Sorenson in the action in his capacity as GET's trustee.

Four days after that Order, Laramie Fealty filed its purported "Counterclaims" against UMDA. At the same time, it filed purported third-party claims against UMDA's board of directors and others (including a trust, after its counsel had claimed trusts could not be sued). In its "Counterclaims", Laramie Fealty announces that it is GET's new trustee[3] – without any

---

[2] On March 25, 2008 – approximately a week after a federal grand jury issued an indictment against Defendant Robert Pfaff – Colin Thompson filed a Stipulated Request to Continue Hearing on Motion to Reconsider and for the first time identified himself as the attorney for Defendants GET Realty Trust and an unnamed "Trustee."

[3] Specifically, all the "Counter-complaint" states is that "Counter-claimant Laramie Fealty LLC is the trustee of GET Trust. Laramie Fealty LLC brings suit on behalf of, and in its capacity as trustee of, the GET Trust." (April 8, 2008 "Counterclaims," ¶ 8.)

explanation (or evidence) as to why Mr. Sorenson's previous claims to be GET's trustee are no longer operative, or why Mr. Sorenson should no longer be treated as the trustee.[4]

## III. ARGUMENT

### A. Counterclaims Can Only Be Filed By Parties

It is black letter law and "self-evident that in order to have a counterclaim there must first be a claim against the party asserting the counterclaim." *Kearney v. A'Hearn*, 210 F. Supp. 10, 20 (D.C.N.Y.), *aff'd per curiam* 309 F.2d 487 (2d Cir. 1962). Commonwealth Rule of Civil Procedure 13 requires that a counterclaim be stated in a "pleading" by a "pleader." Rule 13(a), (b) and (d).[5] Under Rule 7, the only "pleadings" permitted are a complaint, a third party complaint, and answers or replies to complaints, counterclaims, cross-claims or third-party complaints. Thus, by definition, only a party to the litigation can file a counterclaim, because only a party can be a "pleader." *See, e.g.,* 3A Moore's Federal Practice, ¶ 13.02 (a counterclaim is "any claim ... which one *party* has against an opposing party") (emphasis added); *cf. Premier Foods of Bruton, Inc. v. City of Orlando,* 192 F.R.D. 310, 312 (M.D. Fla. 2000) (non-party cannot file cross-claims; only parties can file cross-claims).[6]

Purported counterclaims brought by a stranger to the litigation are subject to dismissal. *Hubner v. Schoonmaker*, 1991 WL 137129, *1 (E.D. Pa. 1991) (dismissing counterclaims because they were asserted by non-parties who had not been properly admitted into the

---

[4] Further, these "counterclaims" are neither well-grounded in law nor fact and have been filed for an improper purpose; they do not withstand scrutiny under Commonwealth Rule of Civil Procedure 11.

[5] Laramie Fealty did not state its "counterclaims" in a pleading; the "counterclaims" should be dismissed for this reason as well.

[6] Interpretations of counterpart federal rules are persuasive authority when interpreting Commonwealth procedural rules. *Govendo v. Micronesian Garment Mfg., Inc.*, 2 N.M.I. 270, 283 n. 14 (1991).

5

proceeding); *Stone v. Harris*, 721 So.2d 1264 (Fla. App. 1998) (per curiam) (dismissing counterclaims brought by non-party); *cf. Seiffer v. Topsy's Int'l, Inc.*, 487 F. Supp. 653, 709 (D. Kan. 1980) (court dismissed cross-claims because the third-party defendant was dismissed from action prior to the time he filed his cross-claim and thus not a party at the time he filed those purported cross-claims).

### B. GET Was Dismissed From the Case and Is No Longer a Party

The Court granted GET's motion to dismiss on April 4, 2008. Four days after that dismissal, Laramie Fealty filed its Counterclaims, in which it alleges that GET too is a counterclaimant. At the time, however, GET was not a party.

Thus, if – as the "Counterclaims" allege – GET is a counterclaimant, its counterclaims should be dismissed.[7]

### C. Laramie Fealty Is Not and Has Never Been a Party

Laramie Fealty is not, and has never been, a party. Its April 8 filing of the "Counterclaims" and a "third- party complaint" was its first involvement in this case. Neither Laramie Fealty nor Mr. Sorenson nor GET has ever filed any motion, or submitted anything else to this Court, showing that Laramie Fealty succeeded Sorenson as trustee, or is authorized to act on GET's behalf.

Commonwealth Rule of Civil Procedure 25 prescribes an orderly way for a purported successor in interest to substitute or join in an existing action. To wit, the successor may file a motion requesting the Court to direct or permit his substitution or joinder. Unless and until such

---

[7] Plaintiffs have filed a motion to reconsider the dismissal of GET. Depending on the outcome of that motion, GET will be able to file counterclaims if it is determined that GET is a party (and assuming such counterclaims are consistent with Rule 11). But GET cannot both assert that it is dismissed and yet nonetheless try to assert counterclaims that – according to GET – it as a trust lacks the capacity to even bring. Its position and its status in this litigation must be consistent whether it is defending against Plaintiffs' claims or bringing counterclaims against Plaintiffs.

a motion is granted, the successor has no right to participate as a party (and the original party has no right to simply remove himself from the pleadings, as Mr. Sorenson appears to have done). "In case of any transfer of interest, the action may be continued by or against the original party, *unless* the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Com. R. Civ. P. 25(c) (emphasis added).

If and when Laramie Fealty files a motion to be substituted or join as a party, the Court has discretion to deny that motion if, in the Court's view, granting the motion would not benefit the progress of the litigation. *See Patsy's Italian Restaurant, Inc. v. Banas*, 2008 WL 495568, *3 (E.D.N.Y. Feb. 20, 2008) (denying motion brought under Federal Rule of Civil Procedure 25(c) to join party to whom interest was transferred after suit was brought when to do so would not facilitate, expedite or simplify the action). In the event Laramie Fealty files such a motion, Plaintiffs would likely oppose it on the ground that the substitution of Laramie Fealty would not expedite or simplify the action. To the contrary, the insertion of Laramie Fealty – and most especially the attempted disappearance of Mr. Sorenson – appear to be part of an ongoing scheme by Pfaff to hide assets and to hamstring discovery by creating a succession of shell companies. Aspects of that scheme have been detailed in the recent indictment against Pfaff issued by a federal grand jury in the United States District Court, Southern District of New York.

In short, there is no procedural basis, and no justification, to permit a stranger to the litigation to unilaterally inject itself into the action, announce that it has become a trustee for someone else, and start filing counterclaims and third-party claims. If counterclaims and third-party claims are to be filed on behalf of GET, the GET trustee who has appeared in this action,

Mr. Sorenson, must be the one to do so, unless and until the Court permits somebody else to substitute in for him.

## IV. CONCLUSION

For the foregoing reasons, UMDA respectfully requests that the Court dismiss the purported counterclaims against UMDA.

Respectfully submitted this 19th day of May, 2008.

**O'Connor Berman Dotts & Banes**
**Calvo & Clark, LLP**
Counsel for Plaintiff *United Micronesia Development Association, Inc.*

By:_____/s/_____
    ROBERT J. O'CONNOR (F0137)