# EXHIBIT 3

IN THE
**SUPREME COURT**
OF THE
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

IN RE *PRO HAC VICE* ADMISSION
OF
JOHN P. PIERCE.

SUPREME COURT NO. 2007-ADM-0030-PHV
SUPERIOR COURT CIVIL CASE NO. 07-0152

**ORDER REVOKING *PRO HAC VICE* ADMISSION**

¶1  This Court, having reviewed the motion and briefs filed in this matter, and having found that John P. Pierce was admitted *Pro Hac Vice* for the sole purpose of representing G.E.T. Realty Trust, KCT Irrevocable Trust, Thomas C. Sorenson as Trustee and in his individual capacity, finds Mr. Pierce to be engaged in the practice of law in the Commonwealth of the Northern Mariana Islands without written permission from the Supreme Court. After a lengthy hearing, this Court finds that Mr. Pierce failed to follow the proper procedure of returning to the Supreme Court for clarification of his *Pro Hac Vice* status, thereby risking revocation of his admission.

¶2  The issue of unauthorized practice of law is one that is guarded and enforced with zeal by the Supreme Court and the CNMI Bar Association. *Pro Hac Vice* admission before the Commonwealth courts is not a guaranteed right. *In re the admission Pro Hac Vice of Richard Kendall, Esquire, Pro Hac Vice* Supreme Court No. 2003, 901 ¶ 2. An attorney is granted *Pro Hac Vice* admission to practice before the Commonwealth courts at the discretion of the court. *Leis v. Flint*, 439 U.S. 438, 441-442 (1979). Other courts have found that "discretion to deny a motion to appear pro hac vice, or to revoke such admission, is quite broad." *Huff v. State*, 569 So.2d 1247, 1249 (Fla.1990). *Pro Hac Vice* admission was promulgated by this Court to ensure full compliance and also to give notice to an applicant of the procedures that need to be followed before an attorney is admitted to practice in the Commonwealth courts. The procedures for

admission *Pro Hac Vice* are simple, clear, and in no way vague, and this Court expects absolute compliance.

¶3  This Court is concerned that even upon realization that he might be in violation of his admission, Mr. Pierce failed to immediately come to the court for guidance. Even more alarming is the fact that even after his *Pro Hac Vice* admission was suspended on June 23, 2008, Mr. Pierce continued to practice law as evidenced by letter he authored on June 27, 2008. This Court is concerned that local counsel, Colin Thompson, did not advise Mr. Pierce, an individual he vouched to be an excellent attorney, about the need to seek guidance or file a motion before the Supreme Court in order for Mr. Pierce to represent Laramie Fealty LLC. Mr. Pierce, along with Colin Thompson, filed a third party complaint in this court on behalf of Laramie Fealty LLC without Mr. Pierce having first obtained a new *Pro Hac Vice* admission for an additional client from this court. Furthermore, Judge Lizama's trial court ruling dismissing the trusts does not allow Mr. Pierce to represent Laramie Fealty LLC automatically. Contrary to Mr. Pierce's assertions, Judge Lizama's orders as a Superior Court trial judge do not rise to the level, either implicitly or explicitly, to trump the Supreme Court' *Pro Hac Vice* admission powers.

¶4  Rule II(3) of the Commonwealth Rules of Admission requires that an attorney not licensed in the Commonwealth may apply by motion for a license to practice for the special purpose of handling a particular case. Courts in other jurisdictions have found that *Pro Hac Vice* admission is based solely on the admitting Court's order. *In re Hake*, 387 B.R. 514 Bankr. N.D. Ohio, 2008; *see also State Industries, Inc. v. Jernigan* 751 So.2d 680, 682 (2000) (finding a broad standard that would permit revocation of *Pro Hac Vice* status for conduct that would be permissible by a local attorney). In Mr. Pierce's Declaration, submitted under penalty of perjury on October 22, 2007 to this court, he stated that he was seeking *Pro Hac Vice* admission for the sole and special purpose of representing G.E.T. Realty Trust, K.C.T. Irrevocable Trust and Thomas C. Sorenson, both as Trustee and as an individual in the above captioned case. Furthermore, on that same declaration to this court, he mentioned that G.E.T. Realty Trust, K.C.T. Irrevocable Trust, and Thomas C. Sorenson each desired his representation in the case now before the Commonwealth Superior Court. Nowhere to be found is Laramie Fealty LLC; a client's trustee succession does not allow a *Pro Hac Vice* attorney to shirk his duty to inform this Court of the change. This Court finds that sole and special admission does not cover Laramie Fealty LLC; it covers G.E.T., K.C.T., and Sorenson. This order does not impair Laramie Fealty's ability to continue in this case with new counsel, *Pro Hac Vice* or otherwise. Accordingly, the *Pro Hac Vice* admission of John P. Pierce is hereby REVOKED.

SO ORDERED this 21th day of July, 2008.

_____/s/_____
MIGUEL S. DEMAPAN
Chief Justice

Case 1:08-cv-00028   Document 10-8   Filed 08/21/2008   Page 4 of 4